**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**"IN ADMIRALTY"**

**CASE NO:**

BAY STREET MARINA
   a foreign Bahamian company,

    Plaintiff,
vs

ECJ LUXE YACHTS INC.,
a Florida Profit Corporation,

and

AARON MICHAEL BROWN, *individually*,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BAY STREET MARINA (hereinafter referred to as "Plaintiff"), by and through their undersigned counsel, files this Complaint against ECJ LUXE YACHTS INC, (hereinafter referred to as "Vessels' Owner"), and AARON MICHAEL BROWN, (hereinafter "Authorized Agent") (collectively "Defendants") and alleges:

### VENUE AND JURISDICTION

1. This cause of action is under Admiralty and Maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2. Venue is proper as Defendant Vessel Owner's principle place of business and Authorized Agent are located in Broward County, Florida.

### PARTIES

3. Plaintiff, BAY STREET MARINA's, principal place of business is located at 701 E Bay St, Nassau, Bahamas.

4. Vessels' Owner, ECJ LUXE YACHTS INC, is a Florida Profit Corporation that, upon information and belief, has its place of business located at 2320 NE 48th Street, Lighthouse Point, FL 33064.

5. Authorized Agent, AARON MICHAEL BROWN, upon information and belief, resides at 2320 NE 48th Street, Lighthouse Point, FL 33064.

## GENERAL ALLEGATIONS

6. On or about January 8, 2021, Plaintiff and Defendants entered a written agreement which included all the essential terms between the parties regarding services to be rendered by Plaintiff to vessels owned and operated by Defendant Vessel Owner and Authorized Agent. *See* Copy of the Executed Agreement between Plaintiff and Defendants attached hereto as "Exhibit A."

7. After receiving the written Agreement, Defendants assented to all of the essential terms of the Agreement and later began to accepted the benefits of the written agreement in the form of dockage and related services rendered by Plaintiff, to multiple vessels owned and/or operated by Defendants' (hereinafter "Vessels"), at the request of Vessels' Owner and Authorized Agent.

8. Defendants' vessels serviced by Plaintiff included:

  a. M/Y "Goingham" a 2017, 43' Midnight Express manufactured vessel

  b. M/Y "Crazy Girl" a 65' vessel

  c. M/Y "Paradise" a 47' center console vessel with 3 engines

  d. M/Y "Adonis"  a 2019, 78' Numarine manufactured vessel

9. Pursuant to the written agreement between the Parties, Vessels' Owner and Authorized Agent are obligated, *in personam*, to pay all amounts due for services rendered by Plaintiff to the Vessels, which includes but is not limited to, the principle amount due for dockage, electricity, plus contractual interest, collection costs, contractual attorney fees, and any other costs related to the instant action. *See* Dockage Agreement attached hereto as "Exhibit A."

10. Pursuant to the written Agreement, Plaintiff provided necessary services to the Vessels, to wit: dockage, and electricity. *See* Account Statements for the Vessels attached hereto as "Exhibit B."

11. Plaintiff has made numerous attempts to contact Vessels' Owner and Authorized Agent to pay the outstanding bill, without resolution.

12. The principal amount of Sixty-Three Thousand, Six Hundred Seventy-Seven Dollars and Ninety-One Cents ($63,677.91) is due and owing as of September 5, 2021 exclusive of contractual interest, and the amount continues to grow *per diem. See* Account Statements for the Vessels attached hereto as "Exhibit B."

13. Plaintiff has required the assistance of legal counsel and has retained the undersigned to take legal action to recover the outstanding debt and is entitled to recover same under the terms of the agreement with Vessels' Owner and Authorized Agent.

I. **BREACH OF CONTRACT AGAINST VESSELS' OWNER and AUTHORIZED AGENT**

14. Plaintiff re-alleges paragraphs 1 through 13, as alleged herein.

15. Plaintiff entered a written agreement with Vessels' Owner and Authorized Agent to render services to Vessels in the form of dockage and electricity.

16. Plaintiff rendered the agreed upon services to Vessels at the request of Vessels'

Owner and Authorized Agent and billed Vessels' Owner and Authorized Agent for same.

17. Vessels' Owner and Authorized Agent have failed to satisfy the outstanding balance due and Plaintiff has been damaged in the principal amount of Sixty-Three Thousand, Six Hundred Seventy-Seven Dollars and Ninety-One Cents ($63,677.91), plus interest, contractual attorney's fees and costs.

WHEREFORE Plaintiff hereby demands judgement for breach of contract against Vessels' Owner and Authorized Agent for the principle amount due of Sixty-Three Thousand, Six Hundred Seventy-Seven Dollars and Ninety-One Cents ($63,677.91), plus interest, costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

## II. UNJUST ENRICHMENT AGAINST VESSELS' OWNER AND AUTHORIZED AGENT

III. Plaintiff re-alleges paragraphs 1 through 13, as alleged herein.

IV. Plaintiff conferred a benefit to Vessels' Owner and Authorized Agent by supplying said services to Vessels at the request of Vessels' Owner and Authorized Agent.

V. Vessels' Owner and Authorized Agent were conferred a benefit as a result of the services rendered by Plaintiff.

VI. Vessels' Owner and Authorized Agent have knowledge and acceptance of the benefit conveyed by Plaintiff.

VII. Vessels' Owner and Authorized Agent failed to remit payment in full for the services rendered by Plaintiff and it would be inequitable for Vessels' Owner and Authorized Agent to retain the benefit without paying fair value for same.

VIII. Vessels' Owner and Authorized Agent owe Plaintiff an outstanding principle amount due plus costs, and for any further relief that this Honorable Court deems just and proper.

WHEREFORE Plaintiff demands Judgment against Vessels' Owner and Authorized Agent in the principle amount of Sixty-Three Thousand, Six Hundred Seventy-Seven Dollars and Ninety-One Cents ($63,677.91), plus costs, and for any further relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Adam M. Ludwin
Adam M. Ludwin, Esq.
Florida Bar No: 101742
Ludwin Law Group, P.A.
85 Se 4th Avenue, Suite 108,
Delray Beach, FL 33483
Tel: 561-455-4455
Primary Email: Adam@Ludwinlaw.com
Secondary Email: Admin@LudwinLaw.com